UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID HENDERSON, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:12-cv-489 (VLB) |
| : | |
| WILLIAMS, et al., : | |
|     Defendants. : | |

### ORDER

The plaintiffs David and Daniel Henderson commenced this civil rights action in state court against defendants Williams, Baustein and the Meriden Police Department asserting claims of false arrest. The defendants removed the case from state court to this court.

The Plaintiff David Henderson is currently incarcerated at the Willard-Cybulski Correctional Institution in Enfield, Connecticut, Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

A district court may stay or dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket. Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). A party has no right to maintain two lawsuits against the same parties in the same court at the same time. Id. at 139. When it is possible that, through amendment, each action may contain all of

the issues and parties presently contained in either action, the continuation of the first action to be filed is favored.  See Hammett v. Warner Brothers Pictures, Inc., 176 F.2d 145, 150 (2d Cir. 1949); Gyadu v. Hartford Ins. Co., No. 3:96cv1755 (D. Conn. Apr. 21, 1997) (Squatrito, J.) (dismissing case under "prior pending action doctrine" where plaintiff could raise all causes of action by amended complaint in his first action), aff'd, 133 F.3d 907 (2d Cir. 1998).  In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions.  See Connecticut Fund for the Environment v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn. 1986).

  The claims in both cases concern an investigation commencing in December 2008, into the plaintiff's business and the plaintiff's subsequent arrest.  In 2010, the plaintiff filed a case asserting claims of unreasonable search and seizure, malicious prosecution, unlawful restraint, false statements, and violation of due process and equal protection.  See Henderson v. Williams, No. 3:10cv1574(VLB).  The court recently appointed counsel to represent the plaintiff and has ordered counsel to file an amended complaint.

  In this action, filed after the conclusion of the state proceedings, the plaintiff asserts claims of false arrest.  Detective Williams and the Meriden Police Department, the only two remaining defendants in the earlier case upon whom service was effected, are defendants in this case.   Because the claims in this case appear to be a continuation of the claims in the prior case, the court can discern no reason for permitting both actions to proceed independently rather

than requiring the plaintiff to file a supplemental complaint in the prior action. Although allowing parallel actions to proceed may not risk inconsistent judgments, requiring all of the issues to be litigated in one action will conserve judicial resources.  See Curcio v. Hartford Fin. Servs. Group, 472 F. Supp. 2d 239, 243 (D. Conn. 2007) (applying prior pending action doctrine where two cases were based on same underlying factual allegations but sought different damages and relied on different legal theories).

This action is DISMISSED without prejudice to the plaintiff David Henderson only including his false arrest claims in the prior action.

SO ORDERED this 1st day of June 2012, at Hartford, Connecticut.

/s/
Vanessa L. Bryant
United States District Judge

Case 3:12-cv-00489-VLB   Document 11   Filed 06/04/12   Page 4 of 4