UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL HENDERSON,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : | Case No. 3:12-cv-489 (VLB) |
| WILLIAMS, et al.,<br>    Defendants. | : <br> : <br> : | <br> <br> March 13, 2013 |

**RULING DENYING MOTION TO DISMISS [DOC. 13],
DENYING PLAINTIFF'S MOTION TO AMEND AND JOIN [DOC. 15],
AND GRANTING MOTION TO DISMISS [DOC. 21]**

This ruling considers two motions to dismiss filed by the defendants as well as a motion to amend and join filed by the plaintiff.

## I. Background

The plaintiff, currently incarcerated at the Willard-Cybulski Correctional Institution in Enfield, Connecticut, along with his brother, David Henderson, commenced this civil rights action in state court against defendants Williams, Baustein and the Meriden Police Department asserting claims of false arrest. The defendants removed the case from state court to this court.

On June 4, 2012, the court dismissed all claims asserted by David Henderson under the prior pending action doctrine. [Doc. 11]. On June 29, 2012, the defendants filed a motion to dismiss the original complaint under the prior pending action doctrine on the ground that Daniel Henderson also filed prior federal court actions, Henderson v. Williams, No. 3:10cv1621(MRK) and

1

Henderson v. Williams, No. 3:11cv755(MRK), as well as other actions together with his brother in state and federal court. [Doc. 13]

In response to the motion to dismiss, Daniel Henderson filed a motion seeking to amend his complaint and join the action with 3:10cv1574 (VLB),[1] a prior action filed by David Henderson. [Doc. 15]. The defendants objected to the motion on the ground that the plaintiff failed to attach a proposed amended complaint. [Doc. 19].

On July 10, 2012, Daniel Henderson filed an amended complaint. [Doc. 18]. He alleges that in March 2009, he took possession of business property under operation of a March 2007 lease with an option to purchase. In May 2009, the defendant used a fabricated letter referencing third-party hearsay information to close the business. Daniel Henderson contends that the defendants interfered with his right to make and/or maintain a beneficial contractual relationship in violation of the First Amendment, violated his right to pursue a lawful living in violation of the Fourteenth Amendment and violated various state law rights. In this amended complaint, the plaintiff has abandoned his claims for false arrest.

## II. First Motion to Dismiss and Motion to Amend

The plaintiff may amend his complaint once, as a matter of course, within twenty-one days after a motion to dismiss is filed. Fed. R. Civ. P. 15(a)(1)(B). Daniel Henderson timely filed his amended complaint. In light of the amended

---

[1] The motion references this case as 3:10cv154(VLB). Case number 154 is assigned to a different judge and was not filed by David Henderson. The court has substituted the correct case number.

complaint, the defendants' motion to dismiss the original complaint is DENIED AS MOOT. The plaintiff's motion to amend also is MOOT.

The plaintiff seeks to join this action with another case filed by his brother. He states that he is complying with the Court's order. The Court previously stated that David Henderson's claims for false arrest appeared to be a continuation of the claims he asserted in his prior federal action. The Court made no such determination regarding the claims asserted by Daniel Henderson and any false arrest claims asserted by Daniel Henderson were abandoned with the filing of the amended complaint.

The plaintiff appears to be seeking consolidation of the two cases. The court has the discretion to consolidate cases that involve a common question of law or fact. Fed. R. Civ. P. 42(a). The amended complaint asserts claims in interference with Daniel Henderson's right to enter a contractual relationship and earn a living. These claims are different from the claims asserted by David Henderson in the referenced action. The Court concludes that consolidation of the two cases will not facilitate resolution of the matters. The request to join this case with Case No. 3:10cv1574 is DENIED.

### III.  Second Motion to Dismiss

The defendants move to dismiss the amended complaint under the prior pending action doctrine. They argue that the plaintiff already has commenced actions in state court and federal court encompassing the events giving rise to this action, <u>Daniel Henderson & David Henderson v. State of Connecticut, et al.</u>,

No. NNH CV-aa-5033994-S and <u>Daniel Henderson & David Henderson v. City of Meriden, et al.</u>, No. 3:11cv1174(MRK).

A district court may stay or dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket. <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000). A party has no right to maintain two lawsuits against the same parties in the same court at the same time. <u>Id.</u> at 139. When it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored. See <u>Hammett v. Warner Brothers Pictures, Inc.</u>, 176 F.2d 145, 150 (2d Cir. 1949); <u>Gyadu v. Hartford Ins. Co.</u>, No. 3:96cv1755 (D. Conn. Apr. 21, 1997) (Squatrito, J.) (dismissing case under "prior pending action doctrine" where plaintiff could raise all causes of action by amended complaint in his first action), <u>aff'd</u>, 133 F.3d 907 (2d Cir. 1998). In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions. See <u>Connecticut Fund for the Environment v. Contract Plating Co.</u>, 631 F. Supp. 1291, 1293 (D. Conn. 1986). The prior federal action references the May 2009 incident that the plaintiff characterizes as the basis for his claimed violation of federal rights. Thus, the Court concludes that the plaintiff could amend the prior action to include the claims raised in the amended complaint. The defendants' second motion to dismiss is GRANTED.

The defendants also identify a pending state case. Where the prior action

is a state court action, the court considers the motion under the doctrine of abstention.  See Overton v. Gonzalez, No. 3:07CV1110(AWT), 2008 WL 1846319, at *1 (D. Conn. Apr. 24, 2008).  The Supreme Court has identified principles that may be applied "in situations involving the contemporaneous exercise of concurrent jurisdictions." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).  These principles encourage "conservation of judicial resources and comprehensive disposition of litigation." Id.  In deciding whether abstention is proper, the court balances several factors: (1) the assumption of jurisdiction over any res or property by either court; (2) the inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the order in which the cases were filed; (5) the source of law supplying the rule of decision; and (6) whether the state court proceedings will adequately protect the rights of the party seeking federal court jurisdiction.  See Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999).

In this case, there is no *res* or property over which either court has obtained jurisdiction.  The federal court is no more or less convenient that the state court to litigate the matter.  The state court action was filed first.  While federal law would control the ultimate decision whether the plaintiff's First or Fourteenth Amendment rights were violated, the determination of whether the plaintiff had a contractual relationship, the property interest underlying the Fourteenth Amendment claim and all of the supplemental state law claims will be decided by state law.  In addition, the plaintiff commenced this case in state court.  It was removed to federal court by the defendants.  Given the plaintiff's

initial choice of forum, the heavy reliance on state law and the fact that the state action was commenced first, the court concludes that abstention in this case would avoid piecemeal litigation and be proper in favor of the state court action.

### IV.  Conclusion

The defendants' first motion to dismiss [Doc. #13] is DENIED as moot.  The plaintiff's motion to amend and join [Doc. #15] is DENIED.  The defendants' second motion to dismiss [Doc. #21] is GRANTED.  The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 13, 2013.